**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

Frank Crifasi and Tiffany
Crifasi
                **Plaintiff**

-against-

Debt Recovery Solutions, LLC
                **Defendant**

_____X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 06 2014 ★
Docket No.
LONG ISLAND OFFICE

**CV 14 3575**
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

TRIAL BY JURY DEMANDED

**WEXLER, J.**

**WALL, M.**

Plaintiffs by their attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

### I. INTRODUCTION

1. The Defendant is a debt collector who, violated the Plaintiffs' right to privacy in an attempt to collect an alleged debt. The Defendant used a robo-dialer to consistently telephone the Plaintiffs' cellular phone without the Plaintiffs' authorization, and despite the Plaintiffs consistent demands for the calls to stop. The Defendant has attempted to collect an alleged debt from Tiffany Crifasi that was allegedly incurred during a time when the Plaintiff Tiffany Crifasi was a minor child.

2. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq..

3. The Telephone Consumer Protection Act, was enacted to combat privacy invasions resulting from automated phone calls. *Mims v. Arrow Fin. Serv. LLC*, 132 S. Ct. 740, 745 (U.S. 2012)

4. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.(emphasis added)

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d); 47 U.S.C. § 227, and 28 U.S.C Section 1331. Injunctive relief is available pursuant to 28 U.S.C. Section 2201, 2202, and the TCPA. Venue in this District is proper in that the Defendant transacts business here; and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

6. Plaintiff, Frank Crifasi, is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA. Frank Crifasi is married to Tiffany Crifasi.

7. Plaintiff, Tiffany Crifasi, (f/k/a/ Tiffany Cinar) is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA. Tiffany Crifasi is married to Frank Crifasi.

8. Defendant, Debt Recovery Solutions, LLC (hereinafter DRS) is a New York limited liability company. The principal purpose of DRS is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant DRS is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

10. At all times relevant to this complaint, each of the Plaintiffs is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

11. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

12. Defendant utilized an automatic telephone dialing system to call the Plaintiffs.

13. The acts of the Defendant DRS alleged herein were conducted by its employees and/or agents acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats paragraphs "1" through "13" as if fully restated herein.

15. Defendant alleges that Plaintiff Tiffany Crifasi incurred a debt to the phone company Verizon during a time period when the Tiffany Crifasi would have been an infant. Tiffany Crifasi does not owe the alleged debt.

16. Plaintiff Frank Crifasi does not owe the alleged debt.

17. The debt was allegedly incurred for personal, family, or household services, and not for any business purpose. The alleged debt was for a residential phone bill.

18. Defendant alleges to have obtained the right to collect the alleged debt at some point before 2010.

19. Defendant and Plaintiffs have no personal or business relationship. All communications between the Plaintiffs and the Defendant were in connection with the collection of the alleged debt.

20. Within one year preceding the filing of this action, the Defendants persistently telephoned the Plaintiffs' cellular telephone using an automatic telephone dialing system.

21. The cellular phone that the Defendant consistently called was a phone number registered to Frank Crifasi. The Defendant's calls to the Plaintiffs' phone depleted the available minutes under the Plaintiffs' cellular telephone plan. The Plaintiff Tiffany Crifasi was the regular user of the cellular phone defendant called.

22. The Defendant DRS utilized an automatic telephone dialing system to telephone the Plaintiff's cellular phone.

23. The Defendant called the Plaintiffs' cellular phone and left pre-recorded messages.

24. Plaintiff demanded that the calls to her cellular phone calls cease.

25. In direct contradiction to Plaintiff's demands, DRS continued to telephone the Plaintiff's cellular telephone. The consistent calls invaded the Plaintiffs' privacy in the manner the TCPA was intended to prevent.

26. The Defendants' persistent telephone calls were intended to harass the Plaintiff into paying the debt alleged to be owed by her husband.

27. Whenever Plaintiff answered a phone call coming from the Defendants, there was no live human being on the phone, but merely dead air. If one of Defendants' representatives ever came on the line, it would be after a period of silence.

28. The Plaintiffs never gave the Defendant permission to call the Plaintiffs' cellular phone with their automatic telephone dialing system.

29. The Plaintiff informed the Defendant that she was a minor during the period of time that the debt was allegedly incurred. The Defendant falsely and deceptively indicated that this did not matter, and that Defendant was still going to try to collect the debt from Plaintiffs. Which, in fact, the Defendant then did. The Defendant misrepresented the character, amount, and legal status of the alleged debt.

30. After August 14, 2013, the Defendant sent the Plaintiff Tiffany Crifasi (f/k/a Tiffany Cinar) a letter falsely and deceptively indicating that the Plaintiff had agreed to repay the alleged debt. **(Exhibit A)**

31. Exhibit A falsely indicates that the Defendant intended to, and had the legal right to, continue "additional collection efforts" if the Plaintiff did not pay the alleged debt.

32. Exhibit A falsely indicates that the Plaintiff agreed to pay $203.66 by August 14, 2013.

33. Exhibit A falsely indicates that the Plaintiff was in "default" with the "payment arrangement."

34. The Defendant falsely indicated that they had the right to collect this debt from Plaintiff Tiffany Crifasi. The Defendant misrepresented the character, amount, and legal status of the alleged debt.

35. On or about September 10, 2013, Defendant sent Plaintiff Tiffany Crifasi the letter attached as Exhibit B.

36. Exhibit B falsely indicates that Plaintiff had promised to make a payment to Defendant.

37. Exhibit B falsely indicates that if Plaintiff did not make a payment within 10 days, that the Plaintiff would be subject to "continued collection activity."

38. Exhibit B falsely indicates that the Defendant had the legal right to continue to try to collect a debt from Plaintiff Tiffany Crifasi.

39. The Defendant left numerous messages for the Plaintiffs that did not meaningfully identify who they were in violation of 15 USC 1692d(6). The messages failed to identify who was calling and failed to note that the Defendant was a debt collector in violation of 15 USC 1692d(6) and 15 USC 1692e(11). By hiding their identify, the Defendant attempted to deceptively induce the Plaintiff into calling the Defendant.

40. The Defendant left messages that did not include any of the disclosures required by 15 USC 1692e(11). The Defendant failed to provide the Plaintiffs with the notices to which the Plaintiffs were entitled as a matter of law pursuant to 15 USC 1692e(11).

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

42. Defendant's actions as described herein violated the following provisions of the FDCPA:

   a. 15 USC 1692d

   b. 15 USC 1692d(5)

   c. 15 USC 1692d(6)

   d. 15 USC 1692e

   e. 15 USC 1692e(2)

   f. 15 USC 1692e(5)

   g. 15 USC 1692e(10)

   h. 15 USC 1692e(11)

   i. 15 USC 1692b(3)

   j. 15 USC 1692b(1) and

   k. 15 USC 1692c(a)(1)

## VI. CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

44. Within the year preceding the filing of this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

45. The Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiffs' cellular telephone, and even if Defendant had such consent, Plaintiff revoke such consent.

46. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

47. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiffs are entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

48. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiffs are entitled to an injunction prohibiting the Defendant from calling their cellular telephone without express consent.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages under the FDCPA

2. Statutory damages pursuant to the FDCPA and the TCPA;

3. Injunctive relief as described herein;

4. Costs and reasonable attorney's fees; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

/S/ JOSEPH MAURO
Attorney for Plaintiff

# EXHIBIT A


**DEBT RECOVERY SOLUTIONS, LLC**

TIFFANY CINAR
28 LIDGE DR
FARMINGVILLE, NY 11738

Re: **Verizon**
Account No.: 1246316982944968
Balance Due: 203.66
Repayment Term: **203.66 was due on 08/14/13**

Dear Tiffany Cinar:

Please be advised that this office has purchased the above referenced account from VERIZON

Specific terms of repayment were agreed upon and acknowledged. As of this date, you are in default of this payment arrangement and your immediate response is required in order to avoid additional collection efforts.

Please remit payment immediately.
Log on to www.dbtsolutions.com anytime to make your payment on the web.

New York City Department of Consumer Affairs License Number: 1114291.

Very truly yours,

J. Furman
Manager

DS:cg

**"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."**

900 Merchants Concourse • Suite LL-11• Westbury, NY 11590 • Ph (516) 228-7100 • Fax (516) 228-7180

# EXHIBIT B


**DEBT RECOVERY SOLUTIONS, LLC**

Date: 9/10/2013

TIFFANY CINAR
28 LIDGE DR
FARMINGVILLE, NY 11738

Re: **Verizon**
Account No.: 1246316982944968
Balance Due: 203.66
Repayment Term: **203.66 was due on 08/14/13**

### PERHAPS YOU FORGOT

Dear Tiffany Cinar:

We know it is easy to forget, but your promised payment is seriously past due.

> *Failure to make payment within 10 days from the date of this letter will result in continued collection activity. To avoid further collection calls and demand letters, send the total amount due of $ **203.66** immediately.*

To make your payment, you may:
- Mail this statement along with your payment
- Log on to www.dbtsolutions.com anytime to make your payment on the web.
- Contact us at 1-(866) 642-0302 to speak with a representative to make payment by phone or explore other payment arrangements.

If you have already mailed your payment, consider this a thank you and disregard this notice. Should you have any questions regarding your account, please feel free to contact us at the number above.

Sincerely,

Debt Recovery Solutions

> **STOP FURTHER COLLECTIONS EFFORTS REMIT PAYMENT TODAY!**

New York City Department of Consumer Affairs License Number: 1114291

**"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."**

900 Merchants Concourse • Suite LL-11• Westbury, NY 11590 • Ph (516) 228-7100 • Fax (516) 228-7180